IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SAMUEL NERVEZA, JR., | Civ. No. 3:14-cv-02045-CL |
| Plaintiff, | **ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#27) that Plaintiff Samuel Nerveza, Jr. ("Plaintiff") be awarded $8,039.53 in attorney's fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## BACKGROUND

On December 24, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance

Page 1 – ORDER

Benefits ("DIB") under Titles II and XVI of the Social Security Act. On April 6, 2016, this Court remanded (#25) Plaintiff's case for further administrative proceedings. On May 13, 2016, Plaintiff's attorney filed a stipulated application (#27) for EAJA fees.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). By stipulating to remand and the attorney's fees award, the Commissioner concedes its position in denying Plaintiff's application was not "substantially justified" and that no special circumstances render the requested award unjust. Having reviewed the stipulated motion, the Court finds Plaintiff's petition is proper and the

amount requested is reasonable. Therefore, Plaintiff's application (#27) for EAJA fees is GRANTED. Plaintiff is awarded $8,039.53 in attorney's fees pursuant to 28 U.S.C. § 2412.

The amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff validly assigned these EAJA fees to his attorney and that Plaintiff has no debt, which qualifies for offset against the award, pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If Plaintiff has no such debt and there is a valid assignment, then a check shall be made out to Plaintiff's attorney, and mailed to Plaintiff's attorney. If Plaintiff has a debt, and/or if there is no valid assignment, then a check for the remaining funds, after any offset of the debt, shall be made to Plaintiff and mailed to Plaintiff's attorney. Plaintiff's attorney's mailing address is as follows:

>Bruce Brewer
>P.O. Box 421
>West Linn, OR 97068

It is so ORDERED and DATED this ___16___ day of May 2016.

>MARK D. CLARKE
>United States Magistrate Judge